.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin BOLLAERT, | Case No.: 17-cv-2022-WQH-AGS |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| William GORE, | |
| Respondent. | |

Petitioner Kevin Bollaert, a state prisoner, challenges his state court conviction on the ground that his actions were protected by the Communications Decency Act, 47 U.S.C. § 230 (CDA). (ECF No. 1). A California jury found Petitioner guilty of extortion and the unlawful use of personal identifying information, based on Petitioner's operation of the websites "UGotPosted.com" and "ChangeMyReputation.com." (ECF No. 1-2 at 2). Respondent has filed Answer and lodged the state court record. (ECF Nos. 4–5). Petitioner has filed a Traverse. (ECF No. 6).

**I. BACKGROUND**

The following summary comes from the appellate court opinion affirming Petitioner's conviction on direct review. *See Sumner v. Mata*, 449 U.S. 539, 547 (1981) (stating that state court findings of fact are presumed correct in federal habeas proceedings); *see also* 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *Parke v.*

1

*Raley*, 506 U.S. 20, 35 (1992) (holding that findings of historical fact, including inferences properly drawn from those facts, are entitled to statutory presumption of correctness).

Petitioner operated a website called "UGotPosted.com," through which users posted private, intimate, and typically nude photographs of individuals, "as well as their names, hometowns, and social media addresses," without permission. (ECF No. 1-2 at 4). "Most of the pictures were taken by or for former significant others or friends." *Id*. When the individuals wanted their photographs taken down, the individuals were directed to another website Petitioner operated, called "ChangeMyReputation.com." *Id*. On the ChangeMyReputation website, individuals could pay to have their photographs and information removed from the UGotPosted website. *Id*.

Petitioner was convicted of twenty-four counts of identity theft under California Penal Code section 530.5(a) and seven counts of extortion under California Penal Code section 520. (ECF No. 1 at 2). Petitioner is serving eight years in custody, to be followed by ten years of supervised release. *Id*. The California Court of Appeal affirmed Petitioner's conviction, concluded the evidence was sufficient to support the jury's finding that Petitioner was an information content provider ineligible for CDA immunity (ECF Nos. 1-2, 1-3). The California Supreme Court denied Petitioner's petition for review without comment (ECF No. 5-22). Petitioner did not file any state habeas corpus petitions. On October 2, 2017, Petitioner filed the present petition. (ECF No. 1).

## II. STANDARD OF REVIEW

A state prisoner is not entitled to federal habeas relief on a claim the state court has adjudicated on the merits, unless that ruling

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70–71 (2003). These provisions "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 10 (2007). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was "objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

If there is no reasoned decision from the state's highest court, the court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–06 (1991). In this case, the Court presumes that the reasoned opinion of the California Court of Appeal provides the basis for the California Supreme Court's denial of Petitioner's claim. (ECF Nos. 1-2, 1-3).

### III. DISCUSSION

Petitioner states that his actions are immune from state criminal prosecution under the CDA. (ECF No. 1 at 14). Petitioner contends that the state court's holding otherwise "is directly contrary to establish Federal Law," and "involve an unreasonable interpretation of facts and their application to Federal law." *Id.* at 17–18.

Respondent states that Petitioner "has failed to demonstrate he is immune from prosecution" under the CDA and that "the California Court of Appeal rejected this claim on the merits in a reasoned decision." (ECF No. 4 at 2). Respondent states that "the California Supreme Court rejected [Petitioner's] petition for review of that decision," and that "[n]either decision was an unreasonable determination of fact, or contrary to, or an unreasonable application of, United States Supreme Court precedent." *Id.*

#### A. "Clearly Established Federal Law" under § 2254(d)(1)

Clearly established federal law under § 2254(d)(1) is "determined by the Supreme Court of the United States." Clearly established federal law for purposes of federal habeas

review "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Court of Appeals has explained that if "the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established federal law." *Stenson v. Lambert*, 504 F.3d 873, 881 (9th Cir. 2007); *see also Demirdjian v. Gipson*, 832 F.3d 1060, 1066 (9th Cir. 2016) (noting that federal courts cannot "grant habeas relief unless the California Court of Appeal's decision on that claim was 'contrary to, or involved an unreasonable application of' clearly established Supreme Court authority") (quoting 28 U.S.C. § 2254(d)(1)).

The CDA protects "providers of interactive computer services against liability arising from content created by third parties." *Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008). Under the CDA, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" for purposes of "Civil liability." 47 U.S.C. § 230(c)(1). Immunity under the CDA "applies only if the interactive computer service provider is not also an 'information content provider,' which is defined as someone who is 'responsible, in whole or in part, for the creation or development of' the offending content." *Roommates*, 521 F.3d at 1162 (quoting 47 U.S.C. § 230(f)(3)).

Federal circuit court "precedent does not constitute clearly established Federal law, as determined by the Supreme Court. It therefore cannot form the basis for habeas relief under [§ 2254(d)]." *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (citations and internal quotation marks omitted). A court may "look to circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013). A court "may not canvass circuit decisions to determine whether a particular rule of law is so widely accepted among Federal Circuits that it would, if presented to [the Supreme] Court, be accepted as correct." *Id.*

In this case, the Supreme Court has never recognized that the CDA applies in state criminal actions. The Supreme Court has never indicated circumstances that would qualify a state criminal defendant for CDA immunity. Absence of applicable Supreme Court precedent defeats the contention that Petitioner is entitled to CDA immunity under clearly established federal law. *See Premo v. Moore*, 562 U.S. 115, 127 (2011) ("[N]ovelty alone—at least insofar as it renders the relevant rule less than 'clearly established'— provides a reason to reject it under [§ 2254(d)].").

Petitioner cannot satisfy § 2254(d)(1) by "look[ing] to circuit precedent"—federal circuits have not applied CDA immunity in state criminal actions or indicated circumstances that would qualify a state criminal defendant for CDA immunity. *See Marshall*, 569 U.S. at 64. Petitioner cannot satisfy § 2254(d)(1) with district court opinions applying CDA immunity in state criminal actions. *See Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1274–75 (W.D. Wash. 2012) ("If Congress did not want the CDA to apply in state criminal actions, it would have said so."); *Voicenet Commc'ns, Inc. v. Corbett*, No. 04-1318, 2006 WL 2506318, at *1–4 (E.D. Pa. Aug. 30, 2006) ("[T]he plain language of the CDA provides internet service providers immunity from inconsistent state criminal laws").

**B.      "Contrary To" or "Unreasonable Application Of" under § 2254(d)(1)**

A state court's decision may be "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams*, 529 U.S. at 405–06.

A state court decision may involve an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. Relief under the "unreasonable application" clause of § 2254(d) is available "if, and only if, it is so obvious that a clearly established rule applies to a given

set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. 415, 427 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Even assuming federal circuit decisions of civil CDA immunity could clearly establish federal law, Petitioner fails to show the state court decision contradicted or unreasonably applied such law. The California Court of Appeal rejected Petitioner's claim to CDA immunity as an "interactive service provider" or "access software provider." (ECF No. 1-2 at 7). The California Court of Appeal concluded that "Bollaert's design and operation of UGotPosted.com—which required users who wished to use the Web site to provide content that violated other persons' privacy—does not entitle him to statutory immunity under the CDA." *Id.* at 24. The court explained "[w]e base our conclusion on the reasoning of the Ninth Circuit Court of Appeals in *Roommates*." *Id.* The court stated,

> Here, the evidence shows that like the Web site in *Roommates*, Bollaert created UGotPosted.com so that it forced users to answer a series of questions with the damaging content in order to create an account and post photographs. That content—full names, locations, and Facebook links, as well as the nude photographs themselves—exposed the victims' personal identifying information and violated their privacy rights. As in *Roommates*, but unlike *Carafano*[ *v. Metrosplash.com, Inc.*, 339 F.3d 1119 (9th Cir. 2003)] or *Zeran*[ *v. America Online, Incorporated*, 129 F.3d 327 (4th Cir. 1997)], Bollaert's Web site was "*designed to solicit*" content that was unlawful, demonstrating that Bollaert's actions were not neutral, but rather materially contributed to the illegality of the content and the privacy invasions suffered by the victims. In that way, he developed in part the content, taking him outside the scope of CDA immunity.
>
> Bollaert would have us follow the Sixth Circuit's decision in *Jones*[ *v. Dirty World Entm't Recordings LLC*], 755 F.3d 398[ (6th Cir. 2014)], involving a "user-generated, online tabloid" where users could anonymously post comments, photographs and video, which the operator selected and published along with his own editorial comments. But *Jones* supports our conclusions. There, the Sixth Circuit adopted the Ninth Circuit's material contribution test to determine whether a Web site operator is " 'responsible, in whole or in part, for the creation or development of [allegedly tortious] information' " within the meaning of the CDA. The court held that unlike the Web site in

> *Roommates*, the Web site operator in that case "did not require users to post illegal or actionable content as a condition of use," but instead instructed users to " '[t]ell us what's happening' " and " 'who, what, when, where, why.' " It also provided "*neutral* tools"–labels by which to categorize the submission– as to what third parties submit. These tools, the Sixth Circuit held, did not constitute a material contribution to any defamatory speech that was uploaded. Nothing in *Jones* changes our conclusion that the evidence in this case supports the jury's finding that Bollaert's design and operation of UGotPosted.com made him an information content provider, taking him outside CDA immunity.

(ECF No. 1-2 at 30; ECF No. 1-3 at 1) (citations omitted). In *Roommates*, the plaintiff claimed that the defendant violated the Fair Housing Act and analogous California law by requiring answers to certain registration questions that were illegal in the context of housing. 521 F.3d at 1164–65. The *Roommates* court held that the defendant was "undoubtedly the 'information content provider' as to the questions and can claim no immunity for posting them on its website, or for forcing subscribers to answer them as a condition of using its services." *Id*. at 1164.

In this case, the California Court of Appeal performed an exhaustive and comprehensive analysis of the applicable circuit court decisions before concluding Petitioner is an information content provider under *Roommates*. The state court reasonably interpreted *Roommates* and *Jones*, and reasonably concluded that Petitioner "developed, at least in part, the offensive content on his Web site by requiring users to input private and personal information as a condition of posting the victims' pictures, making him an information content provider within the meaning of the CDA." (ECF No. 1-2 at 3).

The Court gives a high level of deference to the state court's decision. The California Court of Appeal's decision was not contrary to or an unreasonable application of federal law. *See Yarborough*, 540 U.S. at 4. Petitioner failed to show that the California Court of Appeal concluded, in a manner contrary to or unreasonably applying federal law, that Petitioner is an "information content provider" ineligible for CDA immunity.

C. **"Unreasonable Determination Of The Facts" under § 2254(d)(2)**

7

Federal habeas relief is available if the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004) ("[I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record."), *abrogated on other grounds by Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014).

Petitioner states that "the decision of the State courts was based upon an unreasonable determination of the facts, which determination was made to wrongfully exclude petitioner from immunity provided under [the CDA]." (ECF No. 1 at 19). The petition does not state that the California Court of Appeal, the trial court, or the jury made incorrect factual findings. Petitioner was specifically warned that the traverse "must not raise new grounds for relief that were not asserted in the Petition." (ECF No. 2 at 3). The Court need not review claims of unreasonable fact determination first raised in the traverse. *See Wheaton v. Glebe*, 705 F. App'x 648 (2017) (mem.) (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.")); *but see Boardman v. Estelle*, 957 F.2d 1523, 1525 (9th Cir. 1992) (holding that district court erred in failing to address issue raised in traverse).

The traverse states that Petitioner "would rely upon the factual statements set out by the Court of Appeal in its opinion." (ECF No. 6 at 2). The traverse also states that "[t]he

California State Courts interpretation of both the facts and the federal statute were unreasonable, thereby entitling petitioner to relief." *Id*. at 3. The traverse contains a section titled "The State Court's factual interpretation was unreasonable," in which "Petitioner disputes a number of claims made in *respondent's answer* that attempt to establish petitioner was an information content provider and therefore not a beneficiary of the protections provided in the CDA." *Id.* at 6 (emphasis added). Petitioner does not assert that the California Court of Appeal, the trial court, or the jury made incorrect fact findings. Petitioner's claim fails under § 2254(d)(2).

### D. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists would not find Petitioner's claim debatable. The Court declines to issue a certificate of appealability.

### IV. CONCLUSION

Petitioner fails to demonstrate that the state court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court law.

IT IS HEREBY ORDERED that Petitioner's habeas petition is denied. The Court grants no certificate of appealability. The Clerk is directed to close this case.

Dated: November 5, 2018

Hon. William Q. Hayes
United States District Court

9